IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

January 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

BERTHA L. HICKS ) McMINN COUNTY
) 03A01-9708-CV-00359
    Plaintiff-Appellant )
)
)
    v. ) HON. JOHN B. HAGLER,
) JUDGE
)
JACK HICKS and MARY HICKS )
) AFFIRMED IN PART; VACATED
    Defendants-Appellees ) IN PART; and REMANDED

ROY P. NEUENSCHWANDER OF KNOXVILLE FOR APPELLANT

H. CHRIS TREW OF ATHENS FOR APPELLEE

O P I N I O N

Goddard, P.J.

    Plaintiff Bertha L. Hicks appeals dismissal by summary judgment of her suit against Defendants Jack Hicks and his wife, Mary Hicks.[1]  She sought damages for injuries she received when she fell over a retaining wall on the Defendants' premises.

---

[1]    The Plaintiff and the Defendants are not related.

Although the Plaintiff raises two issues, they may be restated as follows: The Trial Court was in error in finding as a matter of law that the Plaintiff's negligence contributed at least 50 percent to her injuries.

The Trial Court accurately, except as to one point, stated the undisputed material facts of this case in his memorandum opinion as follows:

> Plaintiff, a neighbor of defendants, went to the front door of their residence at night to deliver a Christmas gift. No one was home, but while she was at the front door, defendants drove up, sounded the automobile horn, and drove around to a back carport[2] where they customarily parked. Seeing them, plaintiff walked, in complete darkness, around the right side of the house to meet them and, doing so, fell off a four to five foot retaining wall which provided a basement entrance on the right side of the house (as one faces it).
>
> Even though the retaining wall, a common basement entrance in plain sight, had always been there, even though plaintiff lived in sight of defendants' residence and had visited there on other occasions, and even though plaintiff had visited briefly while her husband was shaping the bank for the retaining wall which was added to complement this one, plaintiff was unaware of the presence of the retaining wall or the drop off.
>
> All things being equal, defendants had no duty to a plaintiff proceeding in the dark toward a condition made dangerous only by the darkness itself. <u>Eaton v. McLain</u>, 891 S.W.2d 587 (Tenn. 1994).
>
> Plaintiff insists, however, that all things are not equal because a duty of care arose <u>instanter</u> because defendant husband was concerned the plaintiff might not be heeding the presence of the wall and came around to check on her as soon as he parked the car. Finding plaintiff on the ground, he said to her, "I told Mary you would walk off that bank." Plaintiff

---

[2]     Mr. Hicks drove all the way around the house and parked in the side front yard.

2

also argues that defendants' sounding the horn beckoned her to come around the house and thus had the effect of luring her to the retaining wall.

While, as already noted, we agree with the foregoing statement of fact, we do not concur in the Trial Court's conclusion of law based thereon. We do not believe under the foregoing facts a jury must necessarily find that the Plaintiff's negligence contributed 50 percent or more to her injuries.

In support of our conclusion, we point out that reasonable persons could conclude that the sounding of the horn by Mr. Hicks served to beckon the Plaintiff to the rear of the house and that in driving the truck around the house without stopping deprived the Plaintiff of the illumination of the headlights as she was walking to the rear of the house. Our conclusion that a jury could find the Plaintiff's negligence did not exceed that of Mr. Hicks' is buttressed by the fact that he himself admitted as he drove around the house that he was fearful that the Plaintiff would "walk off that bank."

In reaching our conclusion, we have not overlooked the holding of Eaton v. McLain, 891 S.W.2d 587 (Tenn.1994), the case refiled upon by the Trial Judge. In that case, the plaintiff was a visitor in the home of her daughter and son-in-law. She proceeded in the dark down a long narrow hallway to a bathroom at 5:00 a.m. and opened a door to the basement, which was both

adjacent and virtually identical to the door to the bathroom.
She then fell down the basement steps, injuring herself.

The Plaintiff's brief points out significant differences between the facts in Eaton and the case at bar, which we find sufficient to preclude application of the law of that case. These are set out in the Plaintiff's brief as follows:

> the plaintiff [in the case at bar] did not have prior knowledge or warning of the dangerous area;
>
> unlike Eaton, the defendants in the instant case were aware of the dangerous condition on their property.
>
> unlike the Plaintiff in Eaton, the plaintiff in the instant case did not have the power to illuminate the dangerous area;
>
> the plaintiff in the instant case did not choose to put her own safety at risk in the same manner as the plaintiff in Eaton;
>
> the plaintiff reasonably believed that she was being beckoned by the defendant to follow the defendant's vehicle around the house and thereby encounter the dangerous condition, whereas; the plaintiff in Eaton acted without any encouragement whatsoever from the defendant home owner;
>
> in Eaton the defendants did not recognize the probability of the accident just prior to Mrs. Eaton's injury; however, in the instant case the defendants recognized the probability if not certainty of the Plaintiff's injury just moments before it occurred, had the power to prevent such injury, and failed to take any action in an effort to prevent such injury.

Our analysis as to Mr. Hicks' actions, however, does not apply to Mrs. Hicks, who was not operating the vehicle and did not sound the horn. We find no negligence on her part, and

4

for that reason affirm the Trial Court's grant of summary judgment as to her.

For the foregoing reasons we affirm the judgment as to Mrs. Hicks, vacate the judgment as to Mr. Hicks and remand the case as to him for further proceedings not inconsistent with this opinion. Costs of appeal are adjudged one-half against Mr. Hicks and one-half against the Plaintiff and her surety.

_____
Houston M. Goddard, P.J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.

5